MANUELA GARCÍA, Plaintiff and Appellee, *v.* JOSÉ HERNÁNDEZ USERA, ET AL., Defendants and Appellants.

No. 7122. Argued November 9, 1937.—Decided December 10, 1937.

*González Fagundo & González, Jr.,* and *H. Torres Solá,* for appellants; *Arturo Aponte, Faustino R. Aponte* and *Manuel A. Bustelo* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Section 327 of the Code of Civil Procedure (1933 ed.) reads as follows:

"Parties to actions or proceedings, including The People of Puerto Rico, are entitled to costs and expenses subject to the rules hereinafter provided.

"In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; *And provided further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering also the degree of blame, if any, of the party against whom judgment is rendered."

Plaintiff prayed for a judgment containing three pronouncements. The third of these referred to the question of costs including attorney's fees. Defendants appeared and consented that a judgment should be rendered as prayed for without the necessity of a trial as to the first and second of the proposed pronouncements and also consented that costs without attorney's fees should be awarded to plaintiff. At the trial, plaintiff introduced evidence to establish "the degree of blame" involved in certain acts whereby defendants made it necessary for plaintiff to sue them. The judgment awarded costs including attorney's fees to plaintiff.

■■ If the first proviso of Section 327 is to be literally construed, a defendant who has appeared in the action cannot invoke the prohibition against the inclusion of attorney's fees even though he appears for the sole purpose of consenting to a judgment as prayed for by plaintiff (except as to attorney's fees) that is to say, a judgment including costs without attorney's fees. We cannot bring ourselves to believe that this was the intention of the legislature.

Plaintiff, as we have already pointed out, had prayed for an award of costs expressly including attorney's fees. Section 694 of the Code of Civil Procedure (1933 ed.) provides that in an action of this kind "costs shall be taxed against the party against whom judgment is rendered". If defendants had not appeared for the purpose of calling the court's attention to the first proviso of Section 327, the dis-

trict judge might have overlooked that proviso or might have held that it did not apply to a special proceeding under the act "providing for the recovering of the possession of real property", approved March 13, 1913. A defendant who seeks to avoid such a risk by requesting that attorney's fees be excluded from the judgment concedes plaintiff's right to all the relief that could have been granted in a judgment by default. He relieves plaintiff from the necessity of proving his case or at least eliminates any question as to such necessity. He forfeits his right to appeal from the judgment as a whole. He should not be held to have forfeited the right to have attorney's fees excluded from the costs. We are unwilling to impute to the legislature the intention that a defendant who appears for the sole purpose of consenting to a judgment in accordance with the terms of the proviso— thereby waiving his right to appeal from the judgment as a whole and relieving plaintiff from any necessity of proving his case—should be placed in a worse plight, as to the question of attorney's fees, than the defendant who merely defaults and leaves plaintiff to prove his case if he can.

The appeal is from that part of the judgment only which includes attorney's fees in the costs awarded to plaintiff. To that extent the judgment appealed from will be reversed.

Mr. Justice Córdova Dávila took no part in the decision of this case.